UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ZLOOP, INC. **Plaintiff** | * * * * | CIVIL ACTION  NO. 3:17-cv-00222 |
| VERSUS | * * * | CHIEF JUDGE JACKSON  MAGISTRATE JUDGE |
| PHELPS DUNBAR, L.L.P., et al. **Defendants** | * * * | RICHARD L. BOURGEOIS, JR. |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR ENLARGEMENT OF TIME TO ANSWER OR OTHERWISE RESPOND TO COUNTS 1-3 OF THE COMPLAINT

The defendants today filed a Rule 12(b)(6) motion to dismiss Counts 4, 5, and 6 of the plaintiff's 77-page complaint (Doc. 19). In light of that motion, the defendants respectfully move the Court for an enlargement of time to answer or otherwise respond to Counts 1, 2, and 3 of the plaintiff's complaint. Defendants seek an enlargement of time of 14 days after the Court has ruled on their motion to dismiss Counts 4, 5, and 6.

The complaint contains 96 paragraphs of allegations before it gets to Counts 1, 2, and 3, and each of these counts refer back to all of the 96 prior paragraphs.[1]

Rule 12(a)(4) provides that filing a motion under Rule 12(b) extends the time period for filing an answer until 14 days after notice of the court's action on the motion to dismiss, but it does not specifically address the effect of a partial motion to dismiss. Out of an abundance of caution, the defendants respectfully request an enlargement of time of 14 days after this Court's decision on the Rule 12(b)(6) motion within which to respond to Counts 1, 2, and 3.

---

[1] *See* Complaint, ¶¶97 (p.45), 115 (p.46), and 120 (p.46).

## BACKGROUND

The plaintiff asserts six counts against the defendants. In lieu of answering or otherwise responding, the defendants timely filed their Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted seeking dismissal of Counts 4 (legal malpractice), 5 (breach of fiduciary duty), and 6 (aiding and abetting breach of fiduciary duty). The defendants' response to Counts 1, 2, and 3 may be affected by the Court's ruling on the Rule 12(b)(6) motion to dismiss, and as such, a response to the plaintiff's complaint before the Court decides the Rule 12(b)(6) motion would unnecessarily confuse and complicate the case. Accordingly, in the interest of judicial economy, this Court should grant the defendants' request for enlargement of time to respond to Counts 1, 2, and 3 in the plaintiff's complaint until 14 days after the Court has ruled on the motion to dismiss Counts 4, 5, and 6.

## LAW AND ARGUMENT

The majority of federal courts agree that the filing of a partial motion to dismiss automatically suspends the time to respond to the entire complaint.[2] Courts in the Fifth Circuit addressing this issue have followed the majority view. The Eastern District of Louisiana, for

---

[2] *See ThermoLife Intern., LLC v. Gaspari Nutrition, Inc.*, No. CV 11-01056, 2011 WL 6296833 (D. Ariz. Dec. 16, 2011) (even when a pending motion to dismiss may only address some of the alleged claims, the motion to dismiss tolls the time to respond to all claims under Rule 12(a)(4)); *see also Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y.2009) (finding that requiring a party to reply to claims not the subject of a partial motion to dismiss would result in a "procedural thicket of piecemeal answers that would poorly serve judicial economy"); *Kent v. Green*, No. CIV.A. 07-CV-02202, 2008 WL 150060 (D. Colo. Jan. 11, 2008) (finding that partially dispositive Rule 12 motion altered responsive pleading date under Rule 12(a)(4)); *Beaulieu v. Board of Trustees of University of West Florida*, No. 3:07CV30, 2007 WL 2020161 (N.D. Fla. July 9, 2007) (holding that a partial motion to dismiss "automatically extends" the time to file a responsive pleading on unchallenged claims pursuant to Rule 12(a)(4)); *Shah v. KIK Intern. LLC*, No. 3:06-CV-712, 2007 WL 1876449 (N.D. Ind. June 26, 2007) (holding that Rule 12(a)(4) applies "by operation of law" to claims not challenged in partial motion to dismiss); *Finnegan v. University of Rochester Medical Center*, 180 F.R.D. 247, 250 (W.D.N.Y.1998) (holding that the plain language of Rule 12(a)(4) contemplates suspending the time to response to the entire complaint, not just to claims that are the subject of a partial motion to dismiss); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220 (N.D.Ill.1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); *Brocksopp Engineering, Inc. v. Bach--Simpson Ltd.*, 136 F.R.D. 485, 486 (E.D.Wis.1991) (holding that requiring an answer to unchallenged claims would result in duplicative sets of pleadings in the event the 12(b) motion is denied and cause confusion).

example, has determined that "[e]ven the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint."[3] The Western District of Texas has also followed the majority approach reasoning that "[t]o hold otherwise would unnecessarily confuse and complicate the case"[4] and that "[s]uch an approach is costly and inefficient, an affront to judicial economy, and not compelled by either the plain language of Rule 12(a)(4) or common sense."[5]

Here, the defendants' Rule 12(b)(6) motion seeks dismissal of Counts 4, 5, and 6. The Court's decision on the Rule 12(b)(6) motion may affect aspects of Counts 1, 2, and 3 as well as the defendants' response to the plaintiff's complaint. If the Court were to deny the Rule 12(b)(6) motion to dismiss, the defendants would be required to respond to 96 paragraphs of allegations that cover the entirety of the case, not just Counts 1, 2, and 3. If, after considering the Rule 12(b)(6) motion, the Court were to deny that motion, defendants' answer or other response to Counts 4, 5, and 6 (and the 96 paragraphs that are referred to in those counts[6]) would not be required until 14 days after notice of the Court's denial of the motion to dismiss.[7]

To require the defendants to answer or otherwise respond to Counts 1, 2, and 3 (and the 96 paragraphs of the complaint that these counts refer to) while the Rule 12(b)(6) motion is pending would unnecessarily confuse and complicate an already complicated case by requiring the defendants to file one partial answer related to Counts 1, 2, and 3 and then possibly a later second partial answer for Counts 4, 5, and 6. An enlargement of time to answer Counts 1, 2, and 3 (and the 96 paragraphs of the complaint that these counts refer to) will promote efficiency and

---

[3] *Bertaut v. Par. of Jefferson*, No. CIV.A. 02-2104, 2002 WL 31528468, at *1 (E.D. La. Nov. 8, 2002), at *1 (citing CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE 2002 SUPP. § 1346 at 146 (2d ed. 1990 & Supp.2002)).
[4] *Meraz v. M. Susan Rice, P.C.,* No. SA-09-CA-138, 2009 WL 10669232, at *2 (W.D. Tex. May 15, 2009); *see also Clark v. Commercial State Bank*, No. MO-00-CA-140, 2001 WL 685529, at *1 (W.D. Tex. Apr. 16, 2001).
[5] *Meraz,* 2009 WL 10669232, at *2.
[6] *See* Complaint, ¶¶135 (p.48), 188 (p.73), and 193 (p.75).
[7] Rule 12(a)(4).

judicial economy as well as avoid piecemeal answers by allowing the defendants to file one response to all remaining paragraphs and counts at the same time, 14 days after the Court's ruling on the defendants' Rule 12 (b)(6) motion to dismiss Counts 4, 5, and 6.

## CONCLUSION

For all of these reasons, the defendants request that the Court enlarge the time for filing a responsive pleading to all aspects of the plaintiff's complaint relating to Counts 1, 2, and 3, until 14 days after the Court's decision on the defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

Respectfully submitted,

*/s/ Michael H. Rubin*

Michael H. Rubin (La. Bar No. 10833)
Christine Lipsey (La. Bar No. 1182)
Jon Ann Giblin (La. Bar No. 23093)
Rachal Cox (La. Bar No. 37082)
McGLINCHEY STAFFORD, PLLC
301 Main Street, Fourteenth Floor
Baton Rouge, Louisiana  70801
Telephone:  (225) 383-9000
Facsimile:  (225) 343-3076
mrubin@mcglinchey.com
clipsey@mcglinchey.com
jgiblin@mcglinchey.com
rcox@mcglinchey.com

*Attorneys for Defendants: Phelps Dunbar, L.L.P., Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews*

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the above pleading has been served upon all counsel of record in this matter via the Court's ECF system or U. S. Mail, first class, postage prepaid and properly addressed, this 31st day of May, 2017.

*/s/Michael H. Rubin*