UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ZLOOP, INC.  CIVIL ACTION

VERSUS

NO. 17-222-BAJ-RLB

PHELPS DUNBAR, L.L.P., ET AL.

**ORDER**

Before the Court is Defendants' Motion for Enlargement of Time to Answer or Otherwise Respond to Counts 1-3 of the Complaint (R. Doc. 20) filed on May 31, 2017. The motion is opposed. (R. Doc. 25). Defendants have filed a Reply. (R. Doc. 32).

Also before the Court is Defendants' Motion For Protective Order Staying Initial Disclosures and Discovery Pending Resolution Of A Ruling On Their Rule 12(b)(6) Motion (R. Doc. 21) filed on May 31, 2017. The motion is opposed. (R. Doc. 24). Defendants have filed a Reply. (R. Doc. 34).

The Court will consider these motions together because they concern related issues.

**I.  Background**

On April 7, 2017, Zloop, Inc., by and through Patrick Trae' O'Pry, Plan Administrator, ("Plaintiff") initiated this action against Phelps Dunbar, L.L.P. ("Phelps") and the four individual attorneys Heather Duplantis, Michael D. Hunt, Kelly Kromer Boudreaux, and Marc G. Matthews (collectively, "Defendants"). (R. Doc. 1). Plaintiff subsequently filed a First Amended Complaint to modify the caption. (R. Doc. 2).

Plaintiff alleges that Zloop, Inc. "is an inactive Delaware corporation currently being liquidated pursuant to a Chapter 11 Plan of Liquidation in the United States Bankruptcy Court

for the District of Delaware that was confirmed on October 25, 2016 and which became [e]ffective on December 1, 2016." (R. Doc. 1 at 1). In short, Plaintiff is seeking recovery of certain property and fees earned from Phelps in the course of its earlier representation of Zloop, Inc. and two of its officers, as well as additional damages as asserted in the Complaint. Through Count 1 (post-petition avoidance under 11 U.S.C. § 549 and recovery under 11 U.S.C. § 550), Count 2 (turnover of property of the estate under 11 U.S.C. § 542), and Count 3 (disgorgement of fees under 11 U.S.C. §§ 327, 328, 329), Plaintiff seeks recovery under various sections of the bankruptcy code. (R. Doc. 1 at 43-48). Through Count 4 (legal malpractice), Count 5 (breach of fiduciary duty), and Count 6 (aiding and abetting breach of fiduciary duty), Plaintiff seeks damages under Louisiana and Delaware law. (R. Doc. 1 at 48-77).

On May 5, 2017, Defendants filed an *Ex Parte* Motion for Extension of Time to Answer or Otherwise Plead (R. Doc. 14) pursuant to Local Rule 7. The Court granted the motion, extending the deadline for Defendants to file an answer or responsive pleading to June 1, 2017. (R. Doc. 17).

On May 31, 2017, Defendants filed a Motion to Dismiss Counts 4-6 of the Complaint. (R. Doc. 19).

That same day, Defendants filed the instant motions. (R. Doc. 20; R. Doc. 21). In their first motion, Defendants seek an enlargement of time to answer or otherwise respond to Counts 1-3 of the Complaint until 14 days after notice of the Court's action on the Motion to Dismiss Counts 4-6 of the Complaint. (R. Doc. 20). In their second motion, Defendants seek a protective order staying all discovery in the instant action until the Court rules on the Motion to Dismiss Counts 4-6 of the Complaint. (R. Doc. 21).

In light of Defendants' motion for a protective order staying all discovery, the Court cancelled its scheduling conference set for June 29, 2017, and informed the parties that it would set a new date for the scheduling conference after it ruled on that pending motion. (R. Doc. 33).

## II. Law and Analysis

The Court first turns to Defendants' Motion for Enlargement of Time to Answer or Otherwise Respond to Counts 1-3 of the Complaint (R. Doc. 20)

Rule 12(a)(4) allows a defendant to file a motion to dismiss and await its disposition before filing an answer by extending the deadline to serve an answer or responsive pleadings until 14 days after notice of the Court's denial of the motion to dismiss, or postponement of ruling until trial. Fed. R. Civ. P. 12(a)(4). Rule 12(a)(4) does not, however, explicitly provide whether a partial motion to dismiss extends the defendant's time to answer or file a responsive pleading with respect to claims not raised in the motion to dismiss.

No party has identified any ruling by the Fifth Circuit Court of Appeals on this issue. At least two district courts within the Fifth Circuit, however, have followed the "majority view" in holding that the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint. *See Meraz v. M. Susan Rice, P.C.*, No. 09-138, 2009 WL 10669232, at *2 (W.D. Tex. May 15, 2009) (adopting the "majority approach" and stating that "[t]o hold otherwise would unnecessarily confuse and complicate the case."); *Bertaut v. Par. of Jefferson*, No. 02-2104, 2002 WL 31528468, at *1 (E.D. La. Nov. 8, 2002) ("Even the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint."); *see also Maass v. Lee*, 189 F. Supp. 3d 581, 588 (E.D. Va. 2016) ("As . . . numerous courts have held—the filing of a Rule 12, Fed. R. Civ. P., motion for partial dismissal postpones the deadline for filing an answer to all claims, not just those subject to the motion"); *Betz v. First Credit Servs., Inc.*, 139

F. Supp. 3d 451, 456 n. 4 (D.D.C. 2015) (adopting the "majority view"); 5B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 1346 (3d ed. 2015) ("[T]he weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.").

Having reviewed the record and the arguments of the parties, the Court finds no basis for deviating from the majority view in this instance. Accordingly, the Court will extend Defendant's deadline to respond to Counts 1-3 as set forth in Rule 12(a)(4).

The Court will now turn to Defendants' Motion For Protective Order Staying Initial Disclosures and Discovery Pending Resolution Of A Ruling On Their Rule 12(b)(6) Motion. (R. Doc. 21).

Rule 26(c) allows the Court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery.") (citation omitted).

While the Court will not require Defendants to answer or otherwise respond to Counts 1-3 of the Complaint until after the resolution of the pending motion to dismiss, the Court finds no basis for staying discovery in this action until after that motion is resolved. Defendants have only moved to dismiss Counts 4-6 pursuant to Rule 12(b)(6).

Defendants have not provided any particular and specific facts demonstrating that discovery in this action while the partial motion to dismiss is pending would result in annoyance, embarrassment, oppression, or undue burden or expense. Defendants' arguments that the resolution of the pending partial motion to dismiss might significantly narrow or eliminate certain claims and defenses and otherwise affect the scope of discovery would be applicable to every Rule 12 motion in every case. This is the type of stereotyped and conclusory statements that do not merit the issuance of a protective order staying discovery, particularly when the pending motion is only directed at part of the claims.

The Court is unpersuaded by Defendants' argument that the scope of discovery, particularly proportionality, "cannot be determined until the Court rules on the Rule 12(b)(6) Motion." (R. Doc. 21-1). "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). The scope of discovery is measured at any given time in an action while discovery is open. The Court has not issued any ruling dismissing any of

Plaintiff's claims or otherwise limiting the scope of the action.  As claims and defenses are pled, withdrawn or dismissed, the scope of discovery will necessarily change.  To the extent any party seeks discovery on claims that either have been dismissed or is otherwise beyond the scope permitted under Rule 26, Defendants will have the opportunity to file an appropriate motion.

Having reviewed the record as a whole, the Court's general interests in control of its docket and the fair and speedy administration of justice, as well as the current practice in this district, the Court concludes that Defendants have not met their burden of establishing that a stay of discovery in this action is merited pending the resolution of the partial motion to dismiss.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Enlargement of Time to Answer or Otherwise Respond to Counts 1-3 of the Complaint (R. Doc. 20) is **GRANTED**.  Defendants' deadline to answer or otherwise respond to any and all portions of the complaint pertaining to Counts 1-3, and the 96 paragraphs of the complaint that these counts refer to, until 14 days after notice of the Court's action on the defendants' Rule 12(b)(6) motion to dismiss Counts 4-6 for failure to state a claim (Doc. 19).

**IT IS FURTHER ORDERED** that Defendants' Motion For Protective Order Staying Initial Disclosures and Discovery Pending Resolution Of A Ruling On Their Rule 12(b)(6) Motion (R. Doc. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that a scheduling conference is hereby set before the undersigned for **August 10, 2017 at 3:00 p.m.**

**IT IS FURTHER ORDERED** that a Joint Status Report shall be filed by **July 27, 2017**.

Signed in Baton Rouge, Louisiana, on July 10, 2017.

						_____
						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**